a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| BOOKER E. LOYDEN, Petitioner | CIVIL DOCKET NO. 1:20-CV-1121-P |
| VERSUS | JUDGE DAVID C. JOSEPH |
| DARREL VANNOY, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (ECF No. 1) filed by *pro se* Petitioner Booker E. Loyden ("Loyden") (#205854). Loyden is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. Loyden challenges his conviction and sentence imposed in the Ninth Judicial District Court, Rapides Parish.

Because Loyden's Petition (ECF No. 1) is second and successive, and Loyden has not obtained authorization to file a second or successive petition from the United States Court of Appeals for the Fifth Circuit, the Petition (ECF No. 1) should be DISMISSED for lack of jurisdiction.

I.  **Background**

Loyden was convicted of two counts of aggravated rape and one count of aggravated oral sexual battery. Two of his stepdaughters under the age of 12 alleged that he molested them. *State v. Loyden*, 2004–1558 (La.App. 3 Cir. 4/6/05), 899 So.2d

166, 169–70.  The court imposed two life sentences without benefits.  *Id.*  The convictions and sentences were affirmed.  *Id.*

Loyden filed an application for post-conviction relief, which was denied. *Loyden v. Warden*, 15-CV-2100, 2015 WL 10551742, at *1 (W.D. La. Nov. 30, 2015), *report and recommendation adopted*, 2016 WL 1230571 (W.D. La. Mar. 23, 2016). His writ applications were denied by the court of appeals and the Louisiana Supreme Court.  *Id.*

Loyden filed a § 2254 Petition in this Court on July 27, 2015.  *Id.*  The Petition was denied and dismissed as untimely.  *Id.*

Loyden now alleges that his sentence is unconstitutional under *Graham v. Florida*, 560 U.S. 48 (2010).

## II.  Law and Analysis

Loyden's prior § 2254 Petition in this Court was adjudicated on the merits. *Loyden v. Warden*, 15-CV-2100, 2016 WL 1230571 (W.D. La. Mar. 23, 2016); *see* In re: *Kerry Myers*, Case #11-30001 (5th Cir. 4/7/2011) (citing *Steve D. Thompson Trucking, Inc. v. Dorsey Trailers, Inc.*, 870 F.2d 1044, 1045–46 (5th Cir. 1989) (a § 2254 petition dismissed with prejudice as time-barred is considered an adjudication on the merits)).  Under 28 U.S.C. § 2244(a), "[n]o circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court

of the United States on a prior application for a writ of habeas corpus . . . ." 28 U.S.C. § 2244.

A habeas corpus petition is not second or successive simply because it follows an earlier federal petition. *In re: Cain*, 137 F.3d 234, 235 (5th Cir. 1998). However, the later petition is successive when it: "(1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ." *Id.* And "an application filed after a previous application was fully adjudicated on the merits is a second or successive application within the meaning of 28 U.S.C. § 2244(b), even if it contains claims never before raised." *Graham v. Johnson*, 168 F.3d 762, 773 n. 7 (5th Cir. 1999) (citing *Felker v. Turpin*, 518 U.S. 651, 655-58, 662-63 (1996)).

Loyden's Petition is based on *Graham v. Florida*, which held that a life sentence without parole violates the Eighth Amendment when imposed on juvenile non-homicide offenders. *See Graham*, 560 U.S. at 62. *Graham* was decided in 2010, and Loyden's first habeas petition was filed in 2015. Therefore, Loyden could have raised his claim in his first § 2254 petition. His current Petition is second and successive, even though it contains a new claim.

Under § 2244(b)(2), a claim presented in a second or successive § 2254 petition that was not presented in a prior petition shall be dismissed unless: (1) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (2) the factual predicate for the claim could not have been discovered previously

3

through the exercise of due diligence and the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244.

Loyden argues that his claim is based on *Graham*, which issued a new rule of constitutional law that was previously unavailable. However, the claim was available when Loyden filed his first § 2254 petition in 2015. Moreover, Loyden's reliance on *Graham* is misplaced. *Graham* did not find that a life sentence without parole is unconstitutional for all non-homicide offenders—only for juvenile non-homicide offenders. Loyden is 73 years old. https://vinelink.vineapps.com. When the crimes were committed in 2000, Loyden was 53—not a juvenile. Thus, Loyden cannot show that no reasonable factfinder would have found him guilty despite the ruling in *Graham*.

Before a second or successive petition is filed in a district court, the applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3). Loyden has not yet obtained that authorization. Until such time as Loyden obtains authorization from the Fifth Circuit, this Court is without subject matter jurisdiction over his Petition. *See Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003); *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000); *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999).

## III. Conclusion

Because Loyden's Petition (ECF No. 1) is second and successive and Loyden has not received authorization from the Fifth Circuit, IT IS RECOMMENDED that the Petition (ECF No. 1) be DISMISSED for lack of jurisdiction, WITH PREJUDICE as to the jurisdictional issue, and WITHOUT PREJUDICE as to the merits of Loyden's claim.[1]

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed.R.Civ.P. 6(b), shall bar that party

---

[1] *Pack v. Yusuff*, 218 F.3d 448, 454 (5th Cir. 2000) ("Because the district court did not rule on the merits of Pack's claim, his petition should be dismissed with prejudice regarding the jurisdictional issue only, and dismissed *without* prejudice regarding all other issues."); *Reed v. Young*, 471 F.App'x 284, 285 (5th Cir. 2012) (unpublished) (because the district court lacked jurisdiction, its judgment should reflect that the dismissal was with prejudice as to the jurisdictional issue, and without prejudice as to the merits of Reed's claim).

from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within 14 days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

SIGNED on Thursday, November 5, 2020

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE